UNITED STATES of America,
Plaintiff—Appellee,

v.

Alberto GARCIA–ROMERO,
Defendant—Appellant.

No. 08–30299.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2009.

Filed March 11, 2009.

Claire M. Fay, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Stephen R. Sady, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Defendant Alberto Garcia–Romero appeals the sentence of 27 months' imprisonment imposed after he pleaded guilty to being found in the United States after deportation, in violation of 8 U.S.C. § 1326.

We review for abuse of discretion the district court's sentencing decisions, regardless whether the sentence imposed is inside or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We review sentences for reasonableness; only a procedurally erroneous or substantively unreasonable sentence will be set aside. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008).

■ Defendant asserts that the district court made two procedural errors. First, he argues that the court endorsed improper policy arguments made by the prosecutor regarding a state court proceeding concerning custody of Defendant's child. The record does not support this assertion, as the court stated that it did not know "what's going to happen in any state proceeding." The court did not express a view on the merits of the state proceeding

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and did not, as Defendant alleges, impose the sentence in reliance on the government's assertions about how the state law matter should be decided.

■ Second, Defendant argues that the district court did not adequately explain the sentence. Once a district court settles on an appropriate sentence, it must "adequately explain the chosen sentence to allow for meaningful appellate review." *Gall,* 128 S.Ct. at 597. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

Here, the district court considered all of the relevant 18 U.S.C. § 3553(a) factors and explained its reasons for imposing the 27–month sentence, rather than the 46–month sentence suggested by the government. It decided ultimately to depart downward five levels because it "was so impressed with the bonding of this father with a child" and because Defendant had "demonstrated much more than usual in the concern of a father for a son."

■ Finally, Defendant argues that the 27–month sentence is substantively unreasonable. Substantive reasonableness is reviewed "in light of all the 18 U.S.C. § 3553(a) factors, including the applicable Guidelines range." *United States v. Daniels,* 541 F.3d 915, 922–23 (9th Cir.2008) (alteration and internal quotation marks omitted). The court took into account that the Guidelines range was 46–57 months, that Defendant had committed criminal acts both before being removed from the United States and after returning to the country, and that Defendant had a very close relationship with his son, who was put up for adoption by the child's mother after Defendant was arrested. The dis-

trict court was not required to align the sentence with a fast-track sentence that Defendant had rejected. Because the court reasonably evaluated the § 3553(a) factors, the resulting sentence of 27 months was not unreasonable.

AFFIRMED.